IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| PREMIUM NUTRITIONAL PRODUCTS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-CV-2098 |
| | ) |
| DAN DUCOTE and JOANNE DUCOTE d/b/a | ) |
| DUCOTE'S PARROTPLACE | ) |
| | ) |
| Defendants. | ) |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

This Consent Judgment is for the purpose of terminating the above-captioned civil action now pending before this Court between Plaintiff Premium Nutritional Products, Inc. (hereinafter "Premium") and Defendants Dan Ducote and Joanne Ducote (hereinafter collectively "Ducote's"). As reflected by the endorsement hereto, Plaintiff and Defendants have agreed upon the entry of this Consent Judgment, it being noted that all of the parties have entered into a separate Settlement Agreement with respect to other terms and conditions which are not a part of this Consent Judgment.

NOW, THEREFORE, THE COURT FINDS AS FOLLOWS:

1. This Court has jurisdiction of the subject matter of this action for trademark infringement, unfair competition, false advertising and false designation of origin arising under the Lanham Act, 15 U.S.C. §1051 et. seq. and the common law of the State of Kansas. Subject matter jurisdiction is found pursuant to 28 U.S.C. §1338(a) and (b). This Court has personal jurisdiction over the Defendants, and venue is proper in this District.

2. Plaintiff Premium is the owner of U.S. Certificate of Trademark Registration Nos. 2,261,863 for the mark ZUPREEM for "foods for exotic animals, namely birds and zoo animals,

excluding domestic livestock, dogs and cats" and 2,897,578 for "pet toys, animal feed, bedding consisting primarily of wood chips, and litter for birds and small animals." Plaintiff Premium is also the owner of U.S. Certificate of Trademark Registration No. 2,292,187 for the mark AVIAN ENTRÉES for "food for caged birds." The ZUPREEM and AVIAN ENTRÉES trademarks, collectively "Premium's Marks," are alive and in good standing, and Premium enjoys the exclusive right to use Premium's Marks in commerce in the United States as against the same marks and those which are confusingly similar thereto.

3. Plaintiff's ZUPREEM mark has been used by Plaintiff on its food for birds and other exotic animals since at least as early as July, 1993, and Plaintiff's AVIAN ENTRÉES mark has been constructively used pursuant to 15 U.S.C. §1057(c) since June 4, 2001.

4. Commencing sometime after June 4, 2001, Defendants began to offer for sale on the internet and elsewhere a food for caged birds under the mark ENTRÉE. Defendants have also promoted their CAJUN CUBES branded food for caged birds as having ZUPREEM ingredients, which is contrary to fact.

5. The use of ENTRÉE in connection with food for caged birds constitutes use of a mark which is confusingly similar to the federally registered trademark AVIAN ENTRÉES, and is likely to cause confusion or mistake as to the source of the food for caged birds sold by Defendants under the ENTRÉE brand and is likely to cause the purchasing public to believe that Defendants' food for caged birds are in some way sponsored by, endorsed, or affiliated with Plaintiff.

6. The use of ZUPREEM in connection with the advertising or promotion of Defendants' CAJUN CUBES branded food for caged birds constitutes a false or misleading representation of fact in that such products have not, in fact, contained any ZUPREEM

ingredients are likely to cause confusion and mistake among the purchasing public, and to cause those in the trade and the purchasing public to believe that Defendants' food for caged birds are in some way sponsored by, endorsed by, or affiliated with Plaintiff.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1. Defendants, their agents, servants, employees, and attorneys, and all persons in active concert or participation with them, or acting for, with, by, through, or under them, are hereby enjoined from infringing Plaintiff's Marks; from unfair competition with Plaintiff; from falsely advertising Defendants' goods and from falsely designating the origin of Defendants' goods; and specifically from:

   a. Using ZUPREEM or AVIAN ENTRÉES, or any mark confusingly similar thereto, alone or in combination with any other letters, words or marks, as a trademark, service mark or trade or corporate name on or in connection with the advertising, offering for sale, or actual sale of food for animals;

   b. The continuing use of the trademarks ZUPREEM and ENTRÉE in connection with the advertising, promotion or sale of food for animals, or any other name confusingly similar thereto and incorporating any of Plaintiff's Marks therein including any use of any confusingly similar mark in any trade name, domain name, website, advertising, promotional materials, course materials, including but not limited to any use of the foregoing in connection with the sponsoring of websites, use of banner ads in internet advertising, in e-mail advertising or promotion, metatags used on or in connection with any domain name of Defendants, or those websites actively or passively controlled by Defendants now or in the future;

    c.    Passing off, inducing others or enabling others to sell or pass off any goods or services of Defendants as that of Plaintiff;

    d.    Committing any other acts calculated to cause purchasers to believe that Defendants' food for caged birds are those of Plaintiff or are in any manner sponsored, endorsed, licensed or approved by Plaintiff; and

    e.    Using, maintaining or registering any domain name which includes the marks ZUPREEM, AVIAN ENTRÉES or ENTRÉE in connection with the advertising, promotion, offering for sale or sale of food for animals.

2. Defendants shall, no later than July 31, 2007, discontinue using any and all packaging, signs or insignia, stationery, advertising, and promotional materials bearing the marks ZUPREEM and/or ENTRÉE, or any name confusingly similar thereto, or any marks or designs owned by Plaintiff, or any variation thereof, or any name or design substantially similar thereto, in connection with food for animals.

3. Defendants shall not use any product made or sold by Premium as an ingredient or component of food for animals.

4. Plaintiff and Defendants have settled the matter of damages by separate agreement and no damages are awarded by this Consent Judgment. Each party shall bear its own costs and attorneys fees.

5. The parties to this action have entered into a separate settlement agreement regarding other matters concerning this action, and the Court hereby retains jurisdiction over the parties with regard to any matters pertaining to such settlement agreement.

6. Jurisdiction is retained by this Court with respect to this civil action for the purpose of enabling Plaintiff to apply to this Court at any time for such further orders and directions as

may be necessary and appropriate in order to carry out the provisions of this Consent Judgment, and for the enforcement of compliance therewith.

                                          s/ Kathryn H. Vratil
                                          Kathryn H. Vratil
                                          United States District Judge

Date: July 31, 2007

Plaintiff, by its attorneys, hereby consents to and requests the issuance and entry of a Consent Judgment in the form and content as set forth above, without further notice.

Dated: July 24, 2007

PREMIUM NUTRITIONAL PRODUCTS, INC.

By _____
Thomas H. Van Hoozer, Kansas Bar No. 09980
HOVEY WILLIAMS LLP
Suite 400, 2405 Grand Boulevard
Kansas City, Missouri 64108-2519
Telephone: (816) 474-9050
Facsimile: (816) 474-9057

Attorneys for Plaintiff

Defendants, Dan Ducote and JoAnne Ducote, appearing *pro se* after having been afforded the opportunity for representation by counsel, hereby consent to and request the issuance and entry of a Consent Judgment in the form and content as set forth above, without further notice.

Dated: 7-19-07

_____
Dan Ducote

Dated: 7-19-07

_____
JoAnne Ducote